IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Doe,<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**<br><br>　　　　**Defendants.** | **Civil Case No.: 2:26-cv-1200**<br><br>**DEMAND FOR A JURY TRIAL**<br><br>**FILED UNDER SEAL** |

## COMPLAINT

Plaintiff John Doe ("Plaintiff") brings this action against the Partnerships and Unincorporated Associations identified in Schedule A (collectively, "Defendants") and alleges as follows:

1. Plaintiff John Doe ("Plaintiff") brings this action against Defendants pursuant to 35 U.S.C. §§ 1 *et seq*., 271, 281, 283, 284, 285 and 289 for infringement of Plaintiff's U.S. Design patent (the "Asserted Patent"). A true and correct copy of the Asserted Patent is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to the Patent Act, 35 U.S.C. § 1 et seq., and 28 U.S.C. §§ 1331 and 1338(a)-(b).

3. This Court has personal jurisdiction over Defendants because each Defendant directs business activities toward consumers in the United States, including within the State of Pennsylvania, through the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores") and related instrumentalities through which they

1

advertise, and/or offer to sell, sell, import, distribute, supply, fulfill, or otherwise facilitate the accused products. Defendants thereby cause products accused of infringing the Asserted Patent to be offered for sale and/or sold to residents of Pennsylvania. Each Defendant targets this forum by accepting payment in U.S. dollars, enabling or causing the accused products to be shipped into this District, and, on information and belief, importing and selling such products as shown in **Exhibit B**. Defendants have thereby committed acts of infringement in Pennsylvania, engaged in interstate commerce, and caused substantial injury to Plaintiff in this Commonwealth.

4.  Personal jurisdiction over a non-resident of the State in which the Court sits is proper to the extent authorized by the state's laws. Fed. R. Civ. P. 4 (e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to § 5322 of the Pennsylvania Consolidated Statutes, Title 42, which provides in pertinent part:

(a)  **General Rule.** A tribunal of this Commonwealth may exercise personal jurisdiction over a person … who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1)  Transacting any business in this Commonwealth [including, but not limited to:]…

(i)  The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii)  The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv)  The engaging in any business or profession within this Commonwealth.

\*\*\*

2

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

***

(10) Committing any violation within the jurisdiction of this Commonwealth of any statute … or rule or regulation promulgated thereunder by any government unit.

5.    **Exercise of full constitutional power over nonresidents.** In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States. 42 Pa. Cons. Stat. § 5322

6.    Additionally, this Court has personal jurisdiction over Defendants under Rule 4(k)(2) for their violations of the federal patent law. On information and belief, the Defendants are not subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of such jurisdiction is consistent with the United States Constitution and laws. Because each of the Defendants directs its commercial activities at residents of the United States, personal jurisdiction is thus also proper in pursuance of Rule 4(k)(2).

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) as Defendants are foreign entities.

### JOINDER

8.    Joinder of the Defendants identified in Schedule A is proper. The claims against all Defendants arise from their collective involvement in the importation, distribution, marketing, or sale of the same accused product or the same parts of the Accused Products alleged to infringe the Asserted Patent.

3

9.     As seen in **Exhibit B**, the infringing products are identical aside from minor variations such as the color. They all use a similar construction, including the structure and type. They all appear identically and infringe the claim in the same manner. As such, common questions of fact exist in regard to all Defendants in terms of infringement and any likely counterclaims for noninfringement and/or invalidity of the Asserted Patent. Furthermore, Defendants operate their respective online stores under the same brand name through which they advertise, offer for sale, and sell the infringing products. Each of the Defendant stores relies on the identical or similar advertising of the same product design.

10.    Proceeding jointly promotes judicial economy, avoids inconsistent adjudications, and does not prejudice any Defendant.

## **INTRODUCTION**

11.    This action is brought by Plaintiff to stop infringers who, without authorization or license, import, distribute, market, and sell the product identified in **Exhibit B** (the "Accused Product") that infringes the Asserted Patent. The Defendants create the Defendant Internet Stores and design them to appear to be selling genuine products, while actually selling Accused Products to unknowing consumers. Defendants operate their online stores under the same brand name, and they advertise, sell and offer to sell the same Accused products, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiff is compelled to initiate this action to prevent ongoing infringement of the Asserted Patent and to protect consumers from purchasing infringing goods online. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer irreparable harm through the loss of its lawful patent rights to exclude others from making, using, offering for sale, selling, and importing the patented invention, and therefore seeks injunctive and monetary relief.

**THE PARTIES**

12.   Plaintiff John Doe ("Plaintiff") is an individual residing in China. Plaintiff is the owner of all rights, title, and interest in and to the Asserted Patent.

13.   Plaintiff has not granted a license or any other form of permission to Defendants with respect to the Asserted Patent.

14.   Plaintiff operates its own online store to advertise, offer for sale, and sell commercial embodiments of the Asserted Patent.

15.   Defendants are direct competitors of Plaintiff.

16.   Upon information and belief, Defendants identified in Schedule A conduct business throughout the United States, including within the State of Pennsylvania, through the operation or facilitation of the Defendant Internet Stores. Defendants act in concert to advertise, distribute, and sell the Accused Product into the United States, including Pennsylvania, and their coordinated roles in the supply and sales chain give rise to infringement of the Asserted Patent. Defendants operate their respective online stores under the same brand name through which they advertise, offer for sale, and sell the infringing products. At the same time, Defendants, through various foreign entities, operate an independent website and online storefronts to channel and sell the Accused products into the United States. Tactics used by Defendants to conceal their identities and the scope of their operations make it difficult for Plaintiff to ascertain their true identities and the full extent of their infringement. Plaintiff reserves the right to amend this Complaint as additional information becomes available.

17.   Defendants are business entities that, upon information and belief, reside in foreign countries such as the People's Republic of China and the Republic of France. Defendants conduct business in the United States by offering or facilitating the sale or offer for sale of the Accused Product

5

through the Defendant Internet Stores. Each Defendant targets the United States, including Pennsylvania, and has offered to sell, and, on information and belief, has sold and continues to sell the Accused Product to consumers within this District. Each Defendant has offered for sale and on information and belief, caused Accused Products to be imported, distributed, or shipped into Pennsylvania as reflected in **Exhibit B**.

18.   On information and belief, Defendants are an interrelated group of infringers working in active concert to make, use, offer for sale, sell, and/or import into the United States the same Accused Product under the same brand name that infringes the Asserted Patent in the same transaction, occurrence, or series of transactions or occurrences.  Two of the defendants are joint operators of a traditional website that offers for sale and sells Accused Products in the United States including this District. *See* Exhibit D.

19.   On information and belief, Defendants go to great lengths to conceal their identities and often use multiple business names and different foreign addresses to register and operate the Defendant Internet Stores. Such tactics are consistent with the practices of infringers familiar to Plaintiff, who typically close or abandon one Internet store only to open another under a different name, making enforcement of Plaintiff's patent rights difficult.

20.   Further, infringers such as Defendants often operate multiple merchant and payment accounts behind layers of intermediaries so that they can continue operating despite enforcement efforts. On information and belief, Defendants maintain off-shore accounts and move funds to accounts outside the jurisdiction of this Court.

### Defendants' Wrongful and infringing Conduct

21.   Without authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and/or imported into the United States the Accused Products that infringe the Asserted Patent, and continue to do so through the Defendant Internet Stores. Each

Defendant Internet Store offers for sale Accused products and shipping to the United States, including Pennsylvania, and, on information and belief, Defendants have caused the Accused Product to be offered for sale and/or sold and shipped into this District.

22. Defendants are infringing the Asserted Patent by making, using, offering for sale, importing and/or selling Accused Products that are substantially the same designs to the patented design covered by the Asserted Patent.

23. Defendants infringe the Asserted Patent because, inter alia, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the Asserted Patent and the Accused Products are each substantially the same product.

24. Defendants' infringement of the Asserted Patent in connection with the importation, offering for sale, and sale of the Accused Product has been willful.

25. Defendants have infringed the Asserted Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**COUNT I**
**INFRINGEMENT OF UNITED STATES PATENT**
**(35 U.S.C. § 271)**

26. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

27. Defendants have offered for sale, sold, and/or imported into the United States, for subsequent resale or use, the accused products identified in **Exhibit B** (the "Accused Products") and Schedule A that infringe the Asserted Patent. Claim charts showing the infringement of the Asserted Patent are attached as **Exhibit C**.

7

28.     Defendants' aforesaid acts constitute infringement of the Asserted Patent under 35 U.S.C. § 271. Defendants have engaged in such infringing conduct and will continue to do so unless enjoined by this Court.

29.     Defendants' infringing conduct has caused and will continue to cause Plaintiff irreparable harm, including the loss of Plaintiff's lawful right to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

30.     Unless a restraining order, and a preliminary and permanent injunction is issued enjoining Defendants and all others acting in concert with them from infringing the Asserted Patent, Plaintiff will continue to be greatly and irreparably harmed.

31.     Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement, together with interest and costs, pursuant to 35 U.S.C. § 284. Plaintiff is also entitled to be awarded Defendants' total profits from the sale of any article of manufacture to which the patented design, or any colorable imitation thereof, has been applied, pursuant to 35 U.S.C. § 289.

## **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays for relief against Defendants as follows:**

A.  That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a)   making, using, offering for sale, selling, and importing into the United States any products not authorized by Plaintiff that infringe the Asserted Patent;

   b)   aiding, abetting, contributing to, or otherwise assisting anyone in infringing the Asserted Patent; and

c) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

B. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com, Temu.com, eBay.com, Walmart.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers"), shall:

a) disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Asserted Patent;

b) disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods covered by the Asserted Patent; and

c) take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing

links to the Defendant Internet Stores from any search index.

C.   That Plaintiff be awarded such damages as will adequately compensate Plaintiff for Defendants' infringement of the Asserted Patent, together with an accounting of all profits realized by Defendants, or others acting in concert or participation with them, from the unauthorized use and infringement of the Asserted Patent.

D.   That Plaintiff be awarded enhanced damages, up to three times the amount of actual damages and Defendants' profits, pursuant to 35 U.S.C. § 284, based on Defendants' willful infringement.

E.   That Plaintiff be awarded its reasonable attorneys' fees and costs as permitted by law.

F.   That Plaintiff be awarded any and all other relief that the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

DATED:   June 2, 2026                    Respectfully submitted,

/s/Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac to be filed*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO
1250 Connecticut Avenue, NW Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*